IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| CHRISTOPHER COLEMAN, §<br>AND ALL OTHERS §<br>SIMILARLY SITUATED, §<br>　　　　　　　　　　§<br>　*Plaintiffs*, §<br>　　　　　　　　　　§<br>　　　　　　　　　　§<br>　　　　　　　　　　§<br>v. 　　　　　　　　　§<br>　　　　　　　　　　§<br>CITY OF CAIRO, ILLINOIS, §<br>　　　　　　　　　　§<br>　*Defendant*. 　　　　§ | Civil Action<br>CASE NO: 16-672<br><br><br>JURY TRIAL DEMANDED |

# **COMPLAINT**

NOW COMES, PLAINTIFF Christopher Coleman, and all others similarly situated, and complains of Defendant CITY OF CAIRO, ILLINOIS and for cause of action would show the Court as follows:

## I. INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages and compensation, as well compensation, including overtime wages, for hours worked, but not recorded or paid ("off-the-clock" work) brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks equitable relief, compensatory and liquidated damages, attorneys' fees, taxable costs of court, and post-judgment interest for Defendant's willful failure to pay overtime wages and compensation and for Defendant's failure to pay wages and compensation, including overtime pay, for hours worked, but not recorded or paid,

pursuant to 29 U.S.C. § 216(b) for Plaintiff Christopher Coleman, and all others similarly situated, in the course of their employment with the Defendant.

3. Christopher Coleman and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## II. JURISDICTION AND VENUE

5. Plaintiff Christopher Coleman, on behalf of himself and the Plaintiff's class, brings this action to recover unpaid overtime wages and compensation and for wages and compensation earned but not paid, by the Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331.

7. Venue is proper in the Southern District of Illinois under 28 U.S.C. § 1391.

## III. PARTIES

8. Plaintiff Christopher Coleman is a resident of Alexander County, Illinois.

9. At all material times, Plaintiff was an individual employee for the Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203.

10. Members of the "Plaintiff Class" are current and former employees of Defendant who work, or have worked, as a police dispatcher.

11. Defendant City of Cairo, Illinois, is an incorporated city that may be served with summons and complaint by serving its City Clerk at 1501 Washington Ave, Cairo, IL 62914.

12. Defendant is Plaintiff's employer within the meaning of Section 33(s)(1)(C) of the FLSA, 29 U.S.C. § 203.

## IV.  CLASS ALLEGATIONS

13. Plaintiff Christopher Coleman files this case as an opt in collective action, as is specifically allowed by 29 U.S.C. § 216(b).

14. The class that Plaintiff Christopher Coleman seeks to represent may be described as follows:

> All current and former employees of Defendant who 1) worked as a Police Dispatcher during the class period, and 2) claims that he or she either (a) failed to receive all of his or her overtime pay, in violation of 29 U.S.C. 201 *et seq*. and seeks payment for such lawfully earned overtime pay, or (b) failed to receive all of his or her compensation for work performed, but not recorded or paid ("off-the clock"), in violation of 29 U.S.C. 201 *et seq*.

15. Plaintiff, Christopher Coleman, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt in to this action, have provided consent in writing to be represented by counsel for Plaintiff Christopher Coleman as required by 29 U.S.C. § 216(b).

16. Those persons who choose to opt in, referred to as the "Plaintiff's class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

17. Plaintiff Christopher Coleman contends that this action is appropriate for collective action status because Defendant has acted in the same manner with regard to all members of the Plaintiff's class.

## V.   FACTS

18.  At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 *et seq*.

19.  For purposes of this action, the relevant period is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

20.  Defendant employed Plaintiff Christopher Coleman from March 2014 until February 2016 as a Police Dispatcher for the City of Cairo, Illinois.

21.  As a Police Dispatcher, Coleman responded to emergency and non-emergency calls for assistance and information and provided dispatch and communication support services for police, fire, emergency, and related services.

22.  Only one Police Dispatcher works at the dispatch desk per shift.

23.  Police Dispatchers work one of three shifts: 2 P.M. to 10 P.M.; 10 P.M. to 6 A.M.; or 6 A.M. to 2 P.M.

24.  Defendant posted monthly schedules as to when each dispatcher is scheduled to work. The shifts were indicated by a "1" "2" or "3" on the schedule.

25.  Defendant requires Police Dispatchers to be at the dispatch desk between fifteen and twenty minutes before each shift. Defendant requires Police Dispatchers to stay at the dispatch desk until the end of their shift. This means that Defendant requires Police Dispatchers to work 8 hours and 15 minutes per shift.

26.  Defendant did not provide time sheets or a time clock for Police Dispatchers to record the time they worked.

27.  Coleman was paid on an hourly basis at the rate of $8.55 per hour.

28. Defendant paid Police Dispatchers for 8 hours of time for each shift worked, regardless of the actual time spent working.

29. During Plaintiff's employment, while working for the Defendant, Plaintiff was required to work overtime hours in excess of 40 hours worked during many seven-day workweeks.

30. Plaintiff often worked in excess of 40 hours per week during his employment with the Defendant.

31. Defendant required Plaintiff and all others similarly situated to perform work which routinely required them to work overtime hours as defined by 29 U.S.C. § 201 *et seq.*, for which they failed to receive overtime compensation as required by the Act.

## VI. FIRST CLAIM FOR RELIEF

Failure to compensate for "off-the-clock" work

32. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

33. Plaintiff Christopher Coleman and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, as well as by the administrative regulations used to interpret the Act.

34. Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay for all hours they worked in a workweek.

35. Defendant has failed to make good faith efforts to comply with the FLSA, and have willfully and deliberately sought to evade the requirements of the federal statute.

36. Defendant has failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

37. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

38. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated for hours worked, but not recorded or paid in a workweek.

39. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding compensation due to Plaintiff and to all others similarly situated for hours worked, but not recorded or paid.

40. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendant until the date of trial.

41. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII.    SECOND CLAIM FOR RELIEF

Unpaid overtime compensation under the FLSA

42.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

43.    Plaintiff Christopher Coleman and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, as well as by the administrative regulations used to interpret the Act.

44.    Plaintiff Christopher Coleman and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

45.    Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

46.    Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to compensate the Plaintiff and all other similarly situated employees overtime pay for all hours worked in excess of 40 hours per week.

47.    Defendant has failed to make good faith efforts to comply with the FLSA, and have willfully and deliberately sought to evade the requirements of the federal statute.

48.    Defendant has failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

49. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

50. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

51. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

52. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendant until the date of trial.

53. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

### VIII.  THIRD CLAIM FOR RELIEF

Collective Action Allegations

54. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

55. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

56. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other workers.

57. Other, similarly situated, employees are being denied their lawful wages.

58. Accordingly, each Defendant's pattern and practice of failing to pay the overtime pay (at time and one-half) of employees as required by the FLSA results from the Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff's class.

59. Plaintiff Christopher Coleman's experience is typical of the experience of the Plaintiff's class as it pertains to compensation.

60. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

61. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

62. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

63. All current and former police dispatchers, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay by Defendant for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Christopher Coleman, and all other similarly situated respectfully request that upon hearing, the Court grants Plaintiff, and all others similarly situated, relief as follows:

   a. Declare that Defendant has violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to pay Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day

       work period, and by failing to compensate employees for work performed, but not recorded or paid;

b. Enjoin Defendant from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work performed, but not recorded or paid;

c. Order Defendant to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiffs worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.

d. Order Defendant to pay Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

e. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorneys' fees, awarded against Defendant.

f. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff Christopher Coleman, and to all other similarly situated employees of the Defendant.

Plaintiff Christopher Coleman, and all other similarly situated, make a formal demand for a jury trial in this matter.

                                                Respectfully submitted,
                                                MAHANYLAW

                                                By: /s/ Brian D. Parish
                                                Brian D. Parish
                                                Brian H. Mahany
                                                P.O. Box 511328
                                                Milwaukee WI 53203
                                                (414) 258-2375
                                                bparish@mahanylaw.com
                                                brian@mahanylaw.com
                                                ATTORNEYS FOR PLAINTIFF